IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL YOUNG,

                Plaintiff,              OPINION AND ORDER

    v.

                                          14-cv-476-wmc

THE CHIPPEWA VALLEY TECHNICAL
COLLEGE, MARGO KEYS, and JERRY
MOLDENHAUER,

                Defendants.

---

In this proposed action, *pro se* plaintiff Michael Young alleges that defendants Chippewa Valley Technical College, its Vice President Margo Keys, and an academic adviser Jerry Moldenhauer violated his rights by denying him the opportunity to attend the college. (Dkt. #1.) Plaintiff asked for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From Young's financial affidavit, the court concluded that plaintiff was unable to prepay the fee for filing this lawsuit. The next step is determining whether plaintiff's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Young has failed to state a claim on which relief may be granted, the court will deny him leave to proceed.

ALLEGATIONS OF FACT

In addressing any *pro se* litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes the following facts based on the allegations in his complaint:

On May 15, 2014, defendants Margo Keys and Jerry Moldenhauer denied Young the opportunity to continue to attend the Chippewa Valley Technical College.  From his pleading, the court infers that Young was attending classes, but was removed from the campus and perhaps expelled because of allegations that Young was "spit[ting] in some garbage cans and that he said the word FUCK at school," both of which he denies (Compl. (dkt. #1) ¶¶ 1-2.)  Young contends that these allegations were not true and that Keys and Modenaheuer asserted these allegations to "harass" Young and to "unlawfully deprive him of getting an education."  (*Id.* at ¶ 1.)  Young further takes issue with defendants' alleged requirement that he see a mental health doctor before being permitted to attend classes again.  (*Id.* at ¶ 2.)

OPINION

Apparently, plaintiff seeks to bring claims pursuant to 42 U.S.C. § 1983 for alleged constitutional violations, but the court can discern no bases for such claims from the allegations in his complaint.  Plaintiff does not allege that he was denied the opportunity to take classes because of his race (or some other protected category) and, therefore, plaintiff has not alleged an Equal Protection claim.[1]

---

[1] At the end of the complaint -- disconnected from the substantive allegations described above -- Young states: "Many people who cannot go to school are in trouble[] with the police and the state and federal judicial systems.  [T]hus, the court systems make matters much worse by just wrongfully dismissing cases that should not be dismissed.  Race and color alone is not a good enough reason to be denied to go to college." (Compl. (dkt. #1) ¶ 3.)  This general statement, however, does not give rise to an inference that Young was denied the opportunity to attend class because of his race.

Moreover, there is no basis for finding a violation of his First Amendment rights. Plaintiff has not alleged that he was expelled because of the exercise of his free speech rights.

Finally, plaintiff fails to allege that the expulsion violated his Due Process rights under the Fourteenth Amendment. While plaintiff obviously complains of the result, the court infers from Young's allegations that he did receive some process in light of his being referred to a mental health doctor before he can return to school. Regardless, Young has failed to allege what process he was denied.

Finding no allegation to support a violation of Young's constitutional rights, the court will deny plaintiff leave to proceed in this action.

ORDER

IT IS ORDERED that:

1) plaintiff Michael Young's complaint is DISMISSED for his failure to state a claim; and
2) the clerk's office is directed to close this case.

Entered this 5th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge